22-2867-cv
*City of New York v. Fleet General Insurance Group, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURTS LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of July, two thousand twenty-four.

Present:
>   DEBRA ANN LIVINGSTON,
>       *Chief Judge*,
>   MICHAEL H. PARK,
>   WILLIAM J. NARDINI,
>       *Circuit Judges*.

---

CITY OF NEW YORK,

> *Plaintiff-Appellant*,

v.                                                                   22-2867-cv

FLEET GENERAL INSURANCE GROUP, INC.,

> *Defendant-Appellee*.

---

| | |
|---|---|
| For Plaintiff-Appellant: | KEVIN OSOWSKI (Melanie T. West, Richard Dearing, *on the brief*), Assistant Corporation Counsel, *for* The Honorable Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, New York, NY. |
| For Defendant-Appellee: | MARK C. RIFKIN (Benjamin Y. Kaufman, *on the brief*), Wolf Haldenstein Alder Freeman & Herz LLP, New York, NY. |

1

CERTIFIED COPY ISSUED ON 07/24/2024

Appeal from a judgment of the United States District Court for the Eastern District of New York (Rachel P. Kovner, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **REVERSED** and the case is **REMANDED** to the district court for further proceedings consistent with this summary order.

On this appeal from a judgment of the district court entered on October 4, 2022, the City of New York (the "City") seeks review of the district court's memorandum and order, dismissing the City's complaint against Fleet General Insurance Group, Inc. ("Fleet") for lack of subject-matter jurisdiction and vacating all prior orders as void for the same reason. In November 2019, the City sued Fleet to enforce an obligation, under the terms of an insurance policy, to defend the City in a state-court action.[1] The parties cross-moved for summary judgment, and in May 2021, the district court ruled in favor of the City, concluding that Fleet breached its duty to defend the City in the state court action and was, therefore, obligated to compensate the City for the attorneys' fees and litigation expenses it had reasonably incurred.

Throughout the litigation, Fleet admitted in its Answer, Amended Answer, and Joint Statement of Undisputed Fact, that it was an insurance company in Vermont with its "principal place of business at one Mill Street, Chace Mill, Suite 324, Burlington, VT 05401." Joint App'x 33, 40, 46. Only after losing on summary judgment did Fleet contend, through new counsel, that the City's action should be dismissed for lack of subject-matter jurisdiction because Fleet

---

[1] In January 2019, an 825-square-foot section of road and sidewalk collapsed in Queens, causing damage to below-ground infrastructure, including gas mains and electrical conduits owned by nonparty Consolidated Edison Corporation of New York ("Con Ed"). Con Ed sued the City in state court, alleging, *inter alia*, that the City negligently supervised a nearby construction site that was thought to be the cause of the collapse. The City demanded that Fleet cover its litigation costs according to a commercial general liability policy it issued to one of the construction companies involved in the construction project. When Fleet refused, the City brought the present suit.

maintains its principal place of business in New York. Significantly, new counsel asserted that Fleet's "only operational office" was located in Flushing, New York, and that Fleet's president, Richard Xia, directed, controlled, and coordinated Fleet's activities from that location alone. Memorandum of Law in Support of Motion to Dismiss at 10, *City of New York v. Fleet General Ins. Grp., Inc.*, No. 19-cv-6629-RPK, 2022 WL 16753973 (E.D.N.Y. Sept. 30, 2022), ECF No. 79. The district court granted Fleet's motion to dismiss and vacated its prior ruling in favor of the City on summary judgment. The district court concluded that (1) Fleet's prior admissions did not preclude the defendant from challenging subject-matter jurisdiction based on the claim that its only operational office was located in Flushing, New York, and (2) that the City failed to carry its burden of adducing sufficient evidence to demonstrate that Fleet's "nerve center" or its "actual center of direction, control, and coordination" was located in Vermont. *Fleet General*, 2022 WL 16753973, at *5-6; *see Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010) (establishing the "nerve center" test as the standard for determining a corporation's principal place of business under 28 U.S.C. § 1332(c)(1)). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\* \* \*

In general, "[w]hen reviewing a district court's determination of its subject matter jurisdiction, we review factual findings for clear error and legal conclusions *de novo*." *Creaciones Con Idea, S.A. de C.V. v. Mashreqbank PSC*, 232 F.3d 79, 81 (2d Cir. 2000) (quoting *McCarthy v. Navistar Fin. Corp.* (*In re Vogel Van & Storage, Inc.*), 59 F.3d 9, 11 (2d Cir. 1995)). "[T]he determination of a corporation's principal place of business involves a fact specific inquiry, [but] the weight to be given these factual elements is a question of law." 13F Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3625 (3d ed. 2024). Accordingly,

3

we review a district court's conclusions regarding a corporation's citizenship under § 1332(c)(1), for clear error as to factual findings and *de novo* as to its legal conclusions. *See U.S. Bank Nat'l Ass'n ex rel. CWCapital Asset Mgmt. LLC v. Vill. at Lakeridge, LLC*, 583 U.S. 387, 396 (2018).

When a defendant challenges the jurisdictional facts supporting a federal court's subject-matter jurisdiction, it is incumbent upon the party seeking to invoke the court's jurisdiction to present "competent proof" that jurisdiction existed at the time the complaint was filed. *McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936); *see Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 571 (2004). "Graven in stone is the maxim that parties cannot confer jurisdiction on a federal court by consent or stipulation." *Reale Int'l, Inc. v. Fed. Republic of Nigeria*, 647 F.2d 330, 331 (2d Cir. 1981). But there is a "distinction between an admission that federal subject matter jurisdiction exists, and an admission of facts serving in part to establish federal subject matter jurisdiction." *Ferguson v. Neighborhood Hous. Servs. of Cleveland, Inc.*, 780 F.2d 549, 551 (6th Cir. 1986). "[P]arties may admit the existence of facts which show jurisdiction, and the [federal] courts may act judicially upon such an admission." *Railway Co. v. Ramsey*, 89 U.S. (22 Wall.) 322, 327 (1874). "Facts admitted in an answer, as in any pleading, are judicial admissions that bind the defendant throughout this litigation." *Gibbs ex rel. Est. of Gibbs v. CIGNA Corp.*, 440 F.3d 571, 578 (2d Cir. 2006). "The power of the [federal] court to act . . . upon facts conceded by counsel is as plain as its power to act upon the evidence produced." *Oscanyan v. Arms Co.*, 103 U.S. 261, 263 (1880); *id.* ("[A]ny fact, bearing upon the issues involved, admitted by counsel, may be the ground of the court's procedure *equally as if established by the clearest proof*." (emphasis added)).

Here, for a period over a year and a half, as this litigation progressed, Fleet repeatedly admitted—in its Answer, Amended Answer, and in a Joint Statement of Undisputed Facts—that

4

"its principal place of business [is] at One Mill Street, Chace Mill, Suite 324, Burlington, VT, 05401." Joint App'x 180, 188, 195. There is no question that Fleet's prior admissions were unequivocal, deliberate, and unambiguous. *See In re Motors Liquidation Co.*, 957 F.3d 357, 360 (2d Cir. 2020) (per curiam) (noting that whether a party's stipulations are judicial admissions depends on whether they constitute factual admissions and the extent to which they are "unequivocal, deliberate, clear, or unambiguous"). Those factual admissions, moreover, were "uniquely within [Fleet's] capacity to ascertain," *Schnabel v. Lui*, 302 F.3d 1023, 1032 (9th Cir. 2002), and yet Fleet only took steps to correct them two months after losing on summary judgment and hiring new counsel.

The district court reasoned that Fleet's admissions were entitled to no consideration in its analysis because "no action of the parties can confer subject-matter jurisdiction," Special App'x 7 (internal quotation marks omitted) (quoting *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982)), and Fleet's prior admissions were mere "legal conclusion[s]" regarding diversity jurisdiction on which the court could in no way rely, Special App'x 10 (stating that Fleet's admissions "d[id] not contain facts to allow the court itself to verify the conclusion reached by the parties"). But the phrase "principal place of business" has an ordinary usage, which conveys a corporation's "main, prominent" or "leading" place of business, as well as a legal usage, for purposes of § 1332(c)(1). *See Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010) (quoting 12 Oxford English Dictionary 495 (2d ed. 1989)). And when a party clearly and deliberately admits to having its principal place of business at a particular suite, at a specific street address, within a given state, the factual components of such a statement, in appropriate circumstances, are binding on that party throughout the litigation. *Hoodho v. Holder*, 558 F.3d 184, 191 (2d Cir. 2009); *see also Ramsey*, 89 U.S. at 327 ("Consent of parties cannot give the courts of the United

5

States jurisdiction, but the parties may admit the existence of facts which show jurisdiction, and the courts may act judicially upon such an admission."); *Cooper v. Meridian Yachts, Ltd.*, 575 F.3d 1151, 1178 (11th Cir. 2009) (prohibiting appellants from "claim[ing] the exact opposite" of their earlier admissions regarding corporate employers' principal places of business where such "unexplained denials" could not overcome the prior "[binding] judicial admissions").

On the facts of this case, Fleet's clear and repeated averments to having a principal place of business at One Mill Street, Chace Mill, Suite 324, Burlington, Vermont constitute judicial admissions of fact binding on Fleet throughout the litigation. Accordingly, the district court clearly erred in declining to rely on these admissions and in relying, instead, on the Xia affidavit, which directly contradicts the admissions, and asserts that Fleet's "only operational office" is in Flushing, New York. Fleet failed to provide an adequate explanation for the change in Fleet's litigation position, much less for its markedly inconsistent factual statements. Accordingly, we **REVERSE** the judgment of the district court and **REMAND** the case to the district court for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

6