UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
THE CITY OF NEW YORK,

                    Plaintiff,                    **REPORT AND RECOMMENDATION**

  -against-                          **19-CV-6629 (RPK) (ST)**

FLEET GENERAL INSURANCE GROUP,
INC.,

                    Defendant.
-----------------------------------------------------------X
**TISCIONE, United States Magistrate Judge:**

The City of New York ("Plaintiff" and/or "City") sued Fleet General Insurance Group, Inc. ("Defendant" and/or "Fleet") seeking a declaratory judgment that Defendant had a duty to defend Plaintiff in a property damage action. Before this Court is Plaintiff's motion for default judgment against Defendant ("the Motion"). As the Motion fails to comply with the Court's Local Rules, this Court respectfully recommends that the District Court DENY the Motion without prejudice.

## BACKGROUND

The Court takes the following facts from the Complaint. [1] *See generally* Compl., ECF No. 1. Plaintiff seeks a declaration that Defendant has a duty to defend the City in a property damage action entitled *Consolidated Edison Company of New York, Inc., - against - Eastern Emerald Group LLC, The Grand Eastern Mirage Group, LLC, Fleet Financial Group, Inc., Perini Group, Inc., Racanelli Construction Group, Inc., and The City of New York*, Index No. 715229/2019, pending in the Supreme Court for the State of New York, County of Queens (the "Con Edison Action"). *Id.* at ¶1. The Con Edison action arose out of a January 4, 2019, collapse of a section of

---

[1] This Court assumes that the Complaint's well-pleaded factual allegations, except those concerning damages, are true. *See Finkel v. Romanowicz*, 577 F.3d 79, 83 n.6, 84 (2d Cir. 2009).

Northern Boulevard in Queens in which Con Edison alleges was caused by the defendants' excavation that allegedly damaged Con Edison's underground infrastructure. *Id.* at ¶2. Defendant Fleet's obligation to defend Plaintiff City in the *Con Edison* Action arises from the terms of insurance policies that Defendant issued to the Perini Group, Inc. ("Perini"). *Id.* at ¶3. Resultingly, the city tendered Defendant Fleet the *Con Edison* complaint, seeking a defense in that action. Defendant Fleet failed and/or refused to provide defense to the City in that action, on "grounds contrary to applicable law and in breach of Fleet's obligations under the Policies." *Id.* at ¶4.

On March 31, 2021, the District Court granted Plaintiff City's motion for summary judgment and on May 12, 2021, issued a memorandum and opinion stating that "Fleet has a duty to defend the City in the *Con Edison* action." ECF No. 44 at 20. On December 2, 2021, Defendant filed a motion to dismiss for lack of subject matter jurisdiction that was granted by the District Court on September 30, 2022. *See* ECF No. 77 and ECF No. 86. Plaintiff subsequently appealed dismissal, and on August 14, 2024, the Second Circuit Court of Appeals issued a mandate reversing the dismissal and remanded the case to the District Court for "further proceedings consistent with this summary order." ECF No. 127. Following the appeal, Fleet continually failed to take part in the case and failed to respond to the District Court's orders to Show Cause why a default judgment should not be entered. Thereafter, Plaintiff filed their current Motion for Default Judgment on March 24, 2025.

## LEGAL STANDARD

Obtaining a default judgment is a two-step process. *See* Fed. R. Civ. P. 55. Step one is to obtain an entry of default from the Clerk of Court. *See* Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."). Step two is

to seek default judgment.  *See* Fed. R. Civ. P. 55(b).  "If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation," the clerk must, "on the plaintiff's request, with an affidavit showing the amount due . . . enter judgment for that amount and costs against a defendant . . . ."  Fed. R. Civ. P. 55(b)(1).  "In all other cases," a party must move for a default judgment before the court.  Fed. R. Civ. P. 55(b)(2).

When a plaintiff moves for default judgment, the court must accept the complaint's well-pleaded factual allegations as true.  *Finkel*, 577 F.3d at 83 n.6, 84; *see City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) ("a defendant who defaults thereby admits all 'well-pleaded' factual allegations contained in the complaint.").  From there, the court must determine whether the facts alleged establish the defendant's liability as a matter of law.  *Mickalis Pawn Shop*, 645 F.3d at 137.  After all, "liability does not automatically attach from the well-pleaded allegations of the complaint, as it remains the court's responsibility to ensure that the factual allegations, accepted as true, provide a proper basis for liability and relief."  *Rolls-Royce PLC v. Rolls-Royce USA, Inc.*, 688 F.Supp.2d 150, 153 (E.D.N.Y. 2010).

After determining that a defaulting party is liable, the court decides whether, and how much, to award in damages.  *See Finkel*, 577 F.3d at 83 n.6 ("a default is not an admission of damages").  The court must "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty."  *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999).  To show entitlement to damages, the movant must show that the "compensation sought relates to the damages that naturally flow from the injuries pleaded."  *Morales v. B&M Gen. Renovation Inc.*, 14-cv-7290 (MKB) (MDG), 2016 WL 1266624, at *2 (E.D.N.Y Mar. 9, 2016) (citations omitted), *report and recommendation adopted*, 2016 WL 1258482 (E.D.N.Y. Mar. 29, 2016).  The court can decide whether, and how much, to award in damages without an evidentiary

3

hearing if "sufficiently detailed affidavits and documentary evidence" support the request for damages. *J & J Sports Prods., Inc. v. LX Food Grocery Inc.*, 15-cv-6505 (NGG), 2016 WL 6905946, at *2 (E.D.N.Y. Nov. 23, 2016).

### DISCUSSION

Before granting a motion for default judgment, courts in this District must ensure that the movant "took all the required procedural steps" under the Local Rules. *J & J Sports Prods., Inc. v. Vergara*, 19-cv-2382 (FB) (VMS), 2020 WL 1034393, at *2 (E.D.N.Y. Feb. 6, 2020) (citations omitted), *report and recommendation adopted*, 2020 WL 1031756 (E.D.N.Y. Mar. 3, 2020); *see Contino v. United States*, 535 F.3d 124, 126 (2d Cir. 2008) ("Local rules have the force of law, as long as they do not conflict with a rule prescribed by the Supreme Court, Congress, or the Constitution."). A movant's failure to do so warrants denial of the motion. *Mulligan Funding LLC v. Tommy Interior Contracting Corp.*, 23-cv-8808 (RER) (JAM), 741 F.Supp.3d 1, 12–13 (E.D.N.Y. July 23, 2024) ("'As harsh at it may seem,' courts in this district 'have repeatedly' denied motions for default judgment based on a movant's failure to adhere to Local Civil Rule[s]" (citations omitted)). Here, the Motion does not comply with Local Civil Rules 55.2 and 7.1 because it lacks a proposed order for the proposed judgment to be entered. The Motion should therefore be denied.

Under Local Civil Rule 55.2, a party seeking a default judgment by motion must file, among other things, "the papers required by Local Civil Rule 7.1, including a memorandum of law, [and] a proposed order detailing the proposed judgment to be entered." Local Civ. R. 55.2(a)(2). Failure to attach a proposed default judgment order is grounds to deny a motion for default judgment. *Colledge v. Steelstone Grp., LLC*, 22-cv-2873 (EK) (RER), 2023 WL 5152300,

4

at *3 (E.D.N.Y. June 16, 2023), *report and recommendation adopted*, 2023 WL 5759191 (E.D.N.Y. Sept. 5, 2023).

Such is the case here. This Court accordingly recommends denial of the Motion for failure to include a proposed order detailing the proposed judgment to be entered. Should Plaintiff renew their Motion, Plaintiff should not only include a proposed order, but also Plaintiff's memorandum of law should explain how the Complaint establishes liability against Defendant Fleet under each cause of action alleged.

## **CONCLUSION**

For the foregoing reasons, this Court respectfully recommends that the District Court DENY Plaintiff's Motion without prejudice.

## **OBJECTIONS TO THIS REPORT AND RECOMMEDATION**

Under 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections.  Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals.  *See Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x 486, 487 (2d Cir. 2018); *McConnell v. ABC-Amega, Inc.*, 338 F. App'x 24, 26 (2d Cir. 2009); *Tavarez v. Berryhill*, No. 15-cv-5141 (CS) (LMS), 2019 WL 1965832, at *30 (S.D.N.Y. May 1, 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

**SO ORDERED.**

/s_____
Steven Tiscione
United States Magistrate Judge
Eastern District of New York

Dated: Central Islip, New York
January 14, 2026.

6